UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HOSEA WILLIAMS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>ANN ARBOR PUBLIC SCHOOLS,<br><br>    Defendant. | Case No. 25-cv-12489<br><br>Honorable Robert J. White |

**ORDER (1) DENYING PLAINTIFF'S MOTIONS AND (2) GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

This case involves *pro se* Plaintiff Hosea Williams, Jr.'s claims against Defendant Ann Arbor Public Schools for employment discrimination. (ECF No. 6). Before the Court is (1) Defendant's motion to set aside a Clerk's entry of default (ECF No. 14), (2) Plaintiff's motion to deny and strike Defendant's motion (ECF No. 17), and (3) Plaintiff's motion for a default judgment (ECF No. 16).

Plaintiff has not responded to Defendant's motion, but his motion to deny and strike essentially serves this purpose. Defendant filed a joint response to both Plaintiff's motions, and Plaintiff has not replied. The Court will decide the motions without oral argument pursuant to Local Rule 7.1(f)(2). For the following reasons, the Court grants Defendant's motion and denies Plaintiff's motions.

**I.     Background**

Plaintiff filed this action on August 11, 2025, amended his complaint on August 20, 2025, and filed a certificate of service on August 29, 2025. (ECF Nos. 1, 6, 9). On September 25, 2025, Plaintiff requested a Clerk's entry of default for Defendant's failure to plead or otherwise defend (ECF No. 10), and the Clerk entered default against Defendant on October 1, 2025 (ECF No. 11).[1]  Following the entry of default, counsel filed an appearance on the record for Defendant on October 7, 2025 (ECF No. 13), and Defendant moved to set aside the default on October 15, 2025 (ECF No. 14). Plaintiff then filed his two motions. (ECF Nos. 16-17).

**II.    Legal Standard**

A district court should set aside default upon a showing of "good cause." Fed. R. Civ. P. 55(c). "In determining whether good cause exists, the district court must consider: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (cleaned up). "Although all three factors must be considered in ruling on a motion to set aside an entry of default, when a defendant has a meritorious defense and the plaintiff would not be prejudiced, it is an abuse of discretion for a district

---

[1] Plaintiff filed a separate motion for a Clerk's entry of default (ECF No. 12) on October 1, 2025, the same day default was entered. This motion is moot.

2

court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* (cleaned up).

This standard is "extremely forgiving to the defaulted party and favor[s] a policy of resolving cases on the merits instead of on the basis of procedural missteps." *Id.* at 322; *see also O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003), abrogated on other grounds by *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022) (district courts have "considerable latitude" to grant relief from a default). Further, and most important here, "if service of process was not proper, the court must set aside an entry of default." *O.J. Distributing*, 340 F.3d at 352.

### III. Analysis

As an initial matter, the Court declines to strike Defendant's motion. Specifically, the Court is unconvinced that such a "drastic," "disfavor[ed]," and "not frequently granted" remedy is warranted. *C.S. v. McCrumb*, 135 F.4th 1056, 1068 n. 10 (6th Cir. 2025). Plaintiff essentially argues that Defendant "filed an improper motion to set aside default *and* enter pleadings and answers . . . ." (ECF No. 17, PageID.189; *see also* ECF No. 17, PageID.184 (Defendant "used the same motion . . . to *simultaneously* and *improperly* file pleadings and answers to the plaintiff's . . . lawsuit.") (emphasis in original)). Plaintiff, however, is incorrect. To the extent Defendant's motion discusses its defenses, this is appropriately related to the meritorious-defense factor critical to resolving a Rule 55(c) motion.

3

Plaintiff also seemingly faults Defendant for not moving to set aside the default and/or establishing good cause to do so "within 21 days after service . . . pursuant to [Fed. R. Civ. P.] 55." (ECF No. 17, PageID.185). But there is no specific time limit for filing a Rule 55(c) motion. The 21-day limit Plaintiff cites is presumably that from Fed. R. Civ. P. 12, which sets forth the time to serve a *responsive pleading*. But the whole point of Rule 55(c) and Defendant's motion here is essentially to excuse the failure to file a timely responsive pleading.

The Court therefore concludes that Defendant properly moved to set aside default under the applicable standard. Nothing improper, certainly not to justify striking Defendant's motion entirely, is apparent to the Court here. And because the Court declines to strike Defendant's motion, the Court denies Plaintiff's motion to deny and strike to the extent it seeks such relief.

Considering the substance of Defendant's motion, specifically regarding service, it should be granted for the following reasons.

"The plaintiff 'bears the burden of perfecting service of process and showing that proper service was made.'" *Pernell v. Leo's Coney Island of W. Bloomfield*, No. 22-12246, 2023 U.S. Dist. LEXIS 162426, at *3 (E.D. Mich. Sep. 13, 2023) (quoting *Sawyer v. Lexington-Fayette Urban County Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001)); *see also Palmer v. Am. Express*, No. 24-12393, 2024 U.S. Dist. LEXIS 234146, at *10 (E.D. Mich. Dec. 30, 2024) ("'[w]hen the validity of the service of

4

process is contested, the plaintiff bears the burden of proving that proper service was effected.'") (alteration in original; quoting *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994). The Court concludes that Plaintiff has not met this burden.

As a public school district, Defendant is a state-created governmental organization that must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B). Under Michigan law, proper service of process on a school district requires that service "be made upon the president, secretary, or treasurer of the board of the school district or intermediate school board." Mich. Comp. Laws § 380.1641. Such service "may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made *and* sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." Mich. Court R. 2.105(G) (emphasis added).

Plaintiff's proof of service says he served Amanda Abbott, who was "designated by law to accept service of process on behalf of" Defendant, on August 26, 2025. (ECF No. 9, PageID.56). This filing does not indicate how this service was accomplished. Plaintiff's initial request for a clerk's entry of default, however,

5

says he served Defendant by certified priority mail on August 28, 2025, with a certificate of mailing indicating that such service was addressed generally to "Ann Arbor Public Schools" and received by John Fraser on this date. (ECF No. 10, PageID.58-59). And Plaintiff's motion for a clerk's entry of default includes a different certificate of mailing indicating that service was specifically addressed to Abbott at Defendant's address and received by Annie Warner. (ECF No. 12, PageID.66).

According to Defendant, any such service as stated by Plaintiff was improper because (1) "Fraser is not even listed as an employee of Ann Arbor Public Schools and is not the President, Secretary, or Treasurer of the School Board"; and (2) Abbott, "an Elementary School Office Professional at Ann Arbor Public Schools," denies being served and, in any event, was neither designated by law to accept service nor granted such authority by Defendant. (ECF No. 14, PageID.83-84). Defendant relatedly asserts that both Abbott and Warner are "Office Professionals" who could not accept service under the applicable standards. (ECF No. 14, PageID.81). In support, Defendant provides an affidavit from Abbott stating that (1) she works as an "Office Professional"—specifically a "Teacher Clerk"—(2) she never received any service on August 26, 2025, and (3) she was nevertheless unauthorized to accept service. (ECF No. 14-2, PageID.95-96). Defendant also provides screenshots of its staff directory (1) showing no records associated with the last name Fraser and (2)

6

confirming Warner's employment as an "Office Professional." (ECF No. 14-4, PageID.101; ECF No. 14-5, PageID.103).

In contrast, Plaintiff "maintains [that] the Summons in a Civil Action and complaint were mailed to the *correct* party/defendant (Ann Arbor Public Schools) and sent to the correct address (2555 S. State Street; Ann Arbor, MI 48104)." (ECF No. 17, PageID.185 (emphasis in original)). In relevant part, he elaborates as follows:

> On August 26, 2025, the plaintiff mailed Ann Arbor Public Schools the Summons in a Civil Action, the amended complaint, and the EEOC Notice of Right to Sue. All documents were mailed to 2555 S. State Street, Ann Arbor, MI 48104.
>
> The plaintiff also submitted a returned green card to the Court, which it received on September 25, 2025. The green card affirms "John Fraser" received the notarized and stamped summons, the plaintiff's complaint, and a copy of the EEOC Notice of Right to Sue on behalf of Ann Arbor Public Schools at 2555 S. State Street, Ann Arbor, MI 48104 on August 28, 2025. To confirm, on September 25, 2025, the Court stamped and confirmed receipt of the *returned* Summons in a Civil Action green card.
>
> 2555 S. State Street, Ann Arbor MI 48104 is the *main administrative address* and *district headquarters* for Ann Arbor Public Schools. . . .
>
> \*     \*     \*
>
> 2555 S. State Street is *the same address* district officials and persons "designated by law to accept service of process on behalf of Ann Arbor Schools" list and use, including the Board President, Secretary, and Treasurer, to conduct official business. The plaintiff maintains Annie Warner is listed as an Ann Arbor Public Schools *agent* on *two* returned green cards he received dated September 22, 2025, and

7

> September 30. 2025, respectively. The plaintiff continues to maintain he mailed a Summons in a Civil Action to Ann Arbor Public Schools on August 26, 2025, and that a "person designated by law to accept service of process on behalf of Ann Arbor Public Schools" *was available* to accept receipt of the summons on August 28, 2025.

(ECF No. 17, PageID.188-89 (cleaned up; emphasis in original)).

This, however, does not suffice to establish proper service. As discussed, Plaintiff was required to specifically serve the president, secretary, or treasurer of Defendant's school board pursuant to Fed. R. Civ. P. 4(j)(2)(B) and Michigan law. Or, assuming a school district's superintendent is equivalent to the chief executive officer of other state-created entities,[2] Plaintiff could have served this officer pursuant to Fed. R. Civ. P. 4(j)(2)(A).

Instead, as is clear from Plaintiff's own admission and his various purported proofs of service, he mailed service documents to Defendant's general address without identifying any of these specific officers. And Plaintiff provides no evidence to counter Defendant's position, supported by affidavit and other documentary evidence, that the individuals who apparently received Plaintiff's mailings were either (1) not employed by Defendant or (2) not authorized to accept service. Lastly, to the extent Plaintiff implies that Defendant's motion should be denied because it had actual notice of his claims, this argument is without merit. *See Howard v. Seifert*, No. 23-12549, 2024 U.S. Dist. LEXIS 72228, at *5 (E.D. Mich. Apr. 19, 2024) ("the

---

[2] Neither party briefed this point.

Sixth Circuit holds that 'actual knowledge of the lawsuit does not substitute for proper service of process[]'") (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991)).

In sum, because Plaintiff fails to establish proper service, the Court grants Defendant's motion to set aside the Clerk's entry of default.  The Court therefore denies Plaintiff's motion to deny and strike to the extent it seeks the opposite outcome.  And since the default is now vacated, the Court also denies Plaintiff's motion for a default judgment. *See Palmer*, 2024 U.S. Dist. LEXIS 234146 at *11-12 (same conclusion).  Defendant must answer or otherwise respond to Plaintiff's amended complaint by December 8, 2025.

* * *

For the reasons given, the Court ORDERS that the motion to set aside the Clerk's entry of default (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to deny and strike Defendant's motion (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for a default judgment (ECF No. 16) is DENIED.

9

IT IS FURTHER ORDERED that Defendant must answer or otherwise respond to Plaintiff's amended complaint by December 8, 2025.

Dated: November 14, 2025

s/Robert J. White
Robert J. White
United States District Judge