UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HOSEA WILLIAMS, JR., | Case No. 2:25-cv-12489 |
| Plaintiff, | Robert J. White |
| v. | United States District Judge |
| ANN ARBOR PUBLIC SCHOOLS, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendant. ______________________________/ | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS <u>(ECF No. 22, 35) AND PLAINTIFF'S MOTIONS (ECF No. 29, 44, 51, 53)</u>**

## I. PROCEDURAL HISTORY

Pending before the Court is Defendant Ann Arbor Public Schools' *Motion to Dismiss Plaintiff's Amended Complaint* (ECF No. 22) and *Motion to Strike Plaintiff's Brief in Support of Summary Judgment and Response to Defendant's Motion to Dismiss* (ECF No. 35). Also pending before the Court is Plaintiff Hosea Williams, Jr.'s *Motion for Summary Judgment* (ECF No. 29), *Motion for Entry of Judgment* (ECF No. 44), *Motion for Judgment on Findings and Conclusion* (ECF No. 51), and *Motion to Amend Motion for Judgment on Findings and Conclusion* (ECF No. 53). Plaintiff Hosea Williams, Jr., filed this pro se action on August 11, 2025, against Defendant Ann Arbor Public Schools ("AAPS"), his former

employer, related to his separation of employment. (ECF No. 1). On October 20, 2025, Plaintiff amended his complaint as a matter of course. (ECF No. 6).

On August 29, 2025, Plaintiff submitted his certificate of service indicating that he personally served "Amanda Abbott, who is designated by law to accept service of process on behalf of AAPS on August 26, 2025." (ECF No. 9). On October 1, 2025, Plaintiff sought a Clerk's Entry of Default for Defendant's failure to plead or otherwise defend and attached a U.S. Postal Service Certified Mail Receipt signed by "John Fraser," or someone to that effect, on August 28, 2025. (ECF No. 10). The same day, the Clerk entered default against Defendant. (ECF No. 11).

Defendant appeared on October 7, 2025, and filed its Motion to Set Aside Clerk's Entry of Default on October 14, 2025, claiming that Defendant was not properly served. (ECF Nos. 13–14). On November 14, 2025, the District Judge entered an order denying Plaintiff's motion for default judgment, granting Defendant's motion to set aside Clerk's entry of default. (ECF No. 21). On December 8, 2025, Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) due to insufficient process and 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 22). The motion is fully briefed and ripe for report and recommendation.

(ECF Nos. 22, 24, 31). On January 9, 2026, the case was referred to the undersigned for all pretrial matters. (ECF No. 28).

## II. FACTUAL BACKGROUND

Plaintiff was employed by Defendant as a middle school and high school English and Language Arts teacher from October 2020 through September 2024. (ECF No. 6, PageID.39). At the beginning of the 2023–2024 school year, Plaintiff noticed a larger than usual classroom size of general education and special needs students in all his English 9 and AP English courses, including classes with over thirty students. (*Id.*). Plaintiff discussed his class-size concerns with counselors, the English department chair, and fellow teachers who indicated they had much smaller classroom sizes. (*Id.*). Following an increase in disruptions in his classes, as well as an increase in Individualized Education Program ("IEP") requirements for special needs students, Plaintiff submitted a "terms & conditions of employment" grievance to the principal, human resources director, assistant superintendent, and the union president. (*Id.*). The formal grievance raised issues with "employment violations, workload violations, AP class size violations, 504/IEP/special needs violations, and First Amendment/academic freedom violations." (*Id.*). With his grievance, Plaintiff proposed several remedies and accommodations that could resolve his grievance. (*Id.* at PageID.39–40).

On the evening of April 8, 2024, Plaintiff received a telephone call from the principal of Pioneer High School, and he was suddenly placed on an involuntary and indefinite administrative leave of absence pending an investigation regarding an alleged issue of student safety. (*Id.* at PageID.40). Plaintiff notes the recorded incident date was Friday, April 5, 2024, yet he was allowed to work a full shift on Monday, April 8, 2024, despite alleged safety concerns. (*Id.*). Plaintiff was instructed not to discuss the matter with any staff, students, or parents during the investigation. (*Id.*). On April 10 and 17, 2024, Plaintiff spoke with the assistant superintendent, principal, and assistant principal, in an attempt to learn more about the alleged unprofessional conduct that gave rise to administrative leave, but he was not provided with any details about the allegation, specific rule or safety violations, or hearing procedures during these attempts. (*Id.*). On April 19, 2024, Plaintiff met again with the principal and assistant principal, during which he was issued a Corrective Action Notice, with an additional three-day suspension, on top of the indefinite administrative leave of absence he had served. (*Id.* at PageID.41). Plaintiff stated that he was still not provided with any details regarding the alleged unprofessional conduct that gave rise to this situation. (*Id.*).

On April 29, 2024, Plaintiff returned to work. (*Id.* at PageID.42). The high school counselor facilitated a “restorative justice meeting” with his sixth period English 9 class, in which the alleged conduct occurred. (*Id.*). Plaintiff also alleged

that either misinformation or a lack of information was provided by administrators to his co-workers and parents of his students related to his leave of absence, which created substantial confusion and raised several questions. (*Id.*). On May 10, 2024, Plaintiff received a Voluntary Severance Policy Agreement via e-mail, which promised teachers who resign during an open period that they would receive "a $15,000 403(b) severance payout" contingent upon 75 to 200 teachers collectively accepting the voluntary severance. (*Id.* at PageID.42–43). Plaintiff believes this offer was made strategically to encourage his resignation or interrupt certain benefits he would be due. (*Id.*).

On June 13, 2024, the last day of the school year, Plaintiff received his end-of-year evaluation with "markedly" lower scores than his prior evaluations. (*Id.* at PageID.43). Because it was the last day of the school year, Plaintiff was not provided with an opportunity to discuss his evaluation with an administrator as was possible in past years when the evaluations were provided weeks prior to the end of the school year. (*Id.*). Even so, Plaintiff did provide his objections to the evaluation in the "Staff Comments" section and requested a review of the scores he believed were incorrect, but his request was ignored. (*Id.* at PageID.43–44). On June 15, 2024, Plaintiff received an involuntary transfer notice email from human resources, indicating that he would be tentatively moved to teaching at Forsythe Middle School. (*Id.* at PageID.44). Plaintiff viewed this transfer as a demotion,

particularly in light of the circumstance surrounding his administrative leave, suspension, and evaluation. (*Id.*). As a result, Plaintiff issued his official resignation letter on August 28, 2024, with an effective date of September 6, 2024. Since his resignation, Plaintiff has applied for and was denied unemployment benefits and several full-time employment opportunities. (*Id.* at PageID.44–45). As a result, Plaintiff has been forced to exhaust his personal pension, 401k, and 457 savings accounts to cover his monthly bills, and applied for food assistance. (*Id.*).

Plaintiff's Amended Complaint asserts claims for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., for failure to promote, unequal terms of employment, retaliation, and constructive discharge, based upon his race, color, gender/sex, religion, and national origin; Equal Pay Act; violation of the First and Sixth Amendments; a variety of state-law claims; and a city non-discrimination claim. (ECF No. 6, PageID.35).

## III. LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed

factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

"In evaluating a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, [. . .] accepting as true all factual allegations contained in the complaint and determining "whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Choate's Air Conditioning & Heating Inc., v. Light, Gas, Water Div. of City of Memphis*, 16 F. App'x 323, 327–28 (6th Cir. 2001) (quoting *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039–40 (6th Cir. 1991); citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "We are not, however, bound to accept as true unwarranted factual inferences [. . .] or legal conclusions unsupported by well-pleaded facts. *Id.* (citing *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 950 (6th Cir. 1990); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

## IV. ANALYSIS

### A. Defendant's Motion to Dismiss (ECF No. 22)

Defendant argues that Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(5) because he has failed to properly serve Defendant, it violates Fed. R. Civ. P. 10, and under Fed. R. Civ. P. 12(b)(6) because his claims fail as a matter of law. (ECF No. 22). Defendant renews its argument that the Court lacks jurisdiction over this matter because Plaintiff still has not properly

served Defendant despite the Court's findings and instruction. (*Id.* at PageID.302–03).

As discussed above, Defendant appeared on October 7, 2025, and filed its Motion to Set Aside Clerk's Entry of Default on October 14, 2025, arguing that Defendant was not properly served. (ECF Nos. 13–14). On November 14, 2025, the District Judge entered an order denying Plaintiff's motion for default judgment and granting Defendant's motion to set aside Clerk's entry of default. (ECF No. 21). The Honorable Judge White found that Plaintiff did not meet his burden to perfect service of process or show that proper service was made. (*Id.* at PageID.274–75). The Order provides:

> As a public school district, Defendant is a state-created governmental organization that must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B). Under Michigan law, proper service of process on a school district requires that service "be made upon the president, secretary, or treasurer of the board of the school district or intermediate school board." Mich. Comp. Laws § 380.1641. Such service "may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." Mich. Court R. 2.105(G) (emphasis added).

(*Id.* at PageID.275). Upon review of the arguments of the Parties and the evidence of record, the District Judge found that Plaintiff's attempts did not suffice as proper service because he "was required to specifically serve the president, secretary, or

treasurer of Defendant's school board pursuant to Fed. R. Civ. P. 4(j)(2)(B) and Michigan law." Instead, "the individuals who apparently received Plaintiff's mailings were either (1) not employed by Defendant or (2) not authorized to accept service." Finally, the District Judge rejected Plaintiff's argument that Defendant's motion should be denied because it had actual notice of his claims. (*Id.* at PageID.278–79) (citing *Howard v. Seifert, J.*, No. 23-12549, 2024 WL 1694861, at *2 (E.D. Mich. Apr. 19, 2024) ("the Sixth Circuit holds that 'actual knowledge of the lawsuit does not substitute for proper service of process[]'") (quoting *Friedman v. Est. of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991)).

On January 28, 2026, Plaintiff filed a *Notice of Proof of Service*, asking "the Court to accept *all* received and returned green cards *signed* by John Frazer[1] and Annie Warner as *prima facie evidence of* and acceptance of *proper* service on [AAPS] in the present employment discrimination case." (ECF No. 37, PageID.619) (emphasis in original). Plaintiff attached green cards that reflect past and recent attempts to serve Defendant including green cards addressed to: 1) Jazz Parks, Superintendent and signed by John Fraser, undated; 2) AAPS and signed by John Fraser, dated 8/28; 3) AAPS and signed by Annie Warrner, dated 8-15-25;

[1] The undersigned notes that Plaintiff refers to "John Frazer," but the green cards are signed appear to be signed by "John Fraser." Accordingly, the undersigned will use the spelling as reflected on the green cards.

and 4) Jazz Parks, Superintendent and signed by Annie Warrner, dated 11-25-25. (*Id.* at PageID.621–24).

The District Judge's Order explicitly addressed Plaintiff's arguments regarding the green cards signed by John Fraser and Annie Warner and found that:

> This, however, does not suffice to establish proper service. As discussed, Plaintiff was required to specifically serve the president, secretary, or treasurer of Defendant's school board pursuant to Fed. R. Civ. P. 4(j)(2)(B) and Michigan law. Or, assuming a school district's superintendent is equivalent to the chief executive officer of other state-created entities, Plaintiff could have served this officer pursuant to Fed. R. Civ. P. 4(j)(2)(A).

(ECF No. 21, PageID.276–78 (citing ECF No. 17, PageID.188–89)). Since the District Judge explicitly held that Plaintiff's service attempts as signed by John Fraser or Annie Warner do not constitute proper service, nor does actual notice of the lawsuit, the undersigned declines to find otherwise. The undersigned infers based upon the findings made and thorough discussion of the requirements for how proper service needs to occur on a public school district under the Federal Rules of Civil Procedure and Michigan law, that Plaintiff still has not met his burden of proving that proper service has been effected. *See Palmer v. Am. Express*, No. 4:24-CV-12393, 2024 WL 5245005, at *4 (E.D. Mich. Dec. 30, 2024) ("'[w]hen the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected.'") (quoting *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994)). Guided by the

principles and considerations of equity and fairness, the undersigned suggests that Defendant's motion to dismiss should be granted to the extent that they argue that Plaintiff has failed to serve AAPS under Rule 12(b)(5), and that the summons should be extended by enough time as the District Judge deems necessary to allow Plaintiff one more opportunity to properly serve Defendant. [2]

**B. Plaintiff's Motion for Summary Judgment and Motion for Entry of Judgment (ECF Nos. 29, 44)**

Next, Plaintiff filed his *Motion for Summary Judgment* (ECF No. 29), *Motion for Entry of Judgment* (ECF No. 44), *Motion for Judgment on Findings and Conclusion* (ECF No. 51), and *Motion to Amend Motion for Judgment on Findings and Conclusion* (ECF No. 53), and Defendants responded with its *Motion to Strike Plaintiff's Brief in Support of Summary Judgment and Response to Defendant's Motion to Dismiss* (ECF No. 35).

Plaintiff moves for summary judgment and/or entry of a judgment, primarily reasserting the facts in his Complaint as "material facts," and asserting that Defendant's conduct was willful, intentional, and in violation of the law. (ECF Nos. 29, 44, 51). Plaintiff's motion is premature for two reasons. First, as discussed above, the undersigned found that Defendant has not yet been properly

[2] Because the undersigned finds that Defendant prevails on this argument, it pretermits discussion of their arguments on whether Plaintiff's claims fail as a matter of law because the Court lacks personal jurisdiction to address the claims on the merits.

served in this action. But even if that were not the case, "[b]efore ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). Defendants only recently appeared in this case to contest the Clerk's Entry of Default and whether proper service was effected. A case management order has not been issued setting deadlines for fact discovery or dispositive motions, and the parties have not engaged in discovery. *See* Fed. R. Civ. P. 26(d)(1), (f). Because the parties have not had time to engage in discovery, ruling on a motion for summary judgment now would be premature.

In addition, the basis for Plaintiff's motion is flawed. As mentioned, he appears to assert entitlement to summary judgment because based on his belief that the facts asserted in his Complaint are material facts that are not disputable, and his broad assertion that Defendant violated the law. Federal Rule of Civil Procedure 56(a) allows the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Plaintiff did not demonstrate a lack of issues of material fact or that he is entitled to judgment as a matter of law other than a conclusory assertion.

For each of these reasons, the undersigned suggests that Plaintiff's motions for summary judgment and entry of a judgment should be denied without prejudice, and that Defendant's motion to strike Plaintiff's motion should be denied as moot.

## V. RECOMMENDATION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that to the extent that Defendant moves to dismiss Plaintiff's Amended Complaint for failure to properly effect service of process pursuant to Fed. R. Civ. P. 12(b)(5), Defendant's *Motion to Dismiss Plaintiff's Amended Complaint* (ECF No. 22) be **GRANTED** in part, and to the extent that Defendant moves to dismiss Plaintiff's claims on the merits pursuant to Fed. R. Civ. P. 12(b)(6), the motion (ECF No. 22) be **DENIED** in part without prejudice. Plaintiff's summons should be extended by enough time as the District Judge deems necessary to provide Plaintiff one more opportunity to properly serve Defendant.

It is further **RECOMMENDED** that Plaintiff's *Motion for Summary Judgment* (ECF No. 29), *Motion for Entry of Judgment* (ECF No. 44) and *Motion for Judgment on Findings and Conclusion* (ECF No. 51), and *Motion to Amend Motion for Judgment on Findings and Conclusion* (ECF No. 53) should be **DENIED** without prejudice, and if the District Judge adopts the above recommendation, that Defendant's *Motion to Strike Plaintiff's Brief in Support of*

*Summary Judgment and Response to Defendant's Motion to Dismiss* (ECF No. 35) be **DENIED** as moot.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: September 18, 2026.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the September 18, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850