UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HOSEA WILLIAMS, JR., | Case No. 2:25-cv-12489 |
| Plaintiff, | Robert J. White |
| v. | United States District Judge |
| ANN ARBOR PUBLIC SCHOOLS, | Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendant.<br>______________________________/ | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STAY EVICTION AND ENTRY OF JUDGMENT (ECF No. 45, 48)**

## I. PROCEDURAL HISTORY

Pending before the Court is Plaintiff's *Ex Parte Motion to Stay Eviction and Motion for Entry of Judgments* (ECF No. 45) and Defendant Ann Arbor Public Schools' *Motion for Leave to File Response to Plaintiff's Ex Parte Motion* (ECF No. 48). Plaintiff Hosea Williams, Jr., filed this pro se action on August 11, 2025, against Defendant Ann Arbor Public Schools ("AAPS"), his former employer, related to his separation of employment. (ECF No. 1). On August 20, 2025, Plaintiff amended his complaint as a matter of course. (ECF No. 6).

On August 6, 2026, Plaintiff filed a motion seeking the Court to issue an order against Independence Green Apartments and/or Two Coast Living "staying" a July 27, 2026, Notice to Quit to Recover Possession of a Property that requests

Plaintiff to move out of his apartment by September 30, 2026, pursuant to MCL 554.134(1) and (3) or face eviction. (ECF No. 45, PageID.732–33). Defendant seeks to respond to Plaintiff's *ex parte* motion. (ECF No. 48). The motions are fully briefed and ripe for report and recommendation. (ECF Nos. 45, 48–49).

## II. FACTUAL BACKGROUND

The undersigned adopts and incorporates the recitation of background facts as set forth in the September 18, 2026, Report and Recommendation. (ECF No. 57, PageID.864–67). Of relevance here, Plaintiff's case arises from his separation from employment with Defendant Ann Arbor Public Schools ("AAPS") based on alleged discriminatory and retaliatory conduct, among other claims. (ECF No. 6, PageID.35). Plaintiff notes that because of Defendant's conduct he applied for and was denied unemployment benefits and several full-time employment opportunities, which has forced him to exhaust his personal pension, 401k, and 457 savings accounts to cover his monthly bills, and apply for food assistance. (*Id.* at PageID.44–45).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders ("TRO"). The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). The moving party bears the burden of

demonstrating entitlement to injunctive relief which is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (remarking that a preliminary injunction is "never awarded as of right.").

It is also the moving party's burden to satisfy the substantive criteria for injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). District courts assess four factors when determining whether to grant either form of injunctive relief requested, namely:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harms to others; and (4) whether the public interest would be served by the issuance of an injunction.

*Wilson v. Williams*, 961 F.3d 829, 836 (6th Cir. 2020) (internal quotation and citation omitted); *see also Ohio Republican Party*, 543 F.3d at 361 (explaining that courts in the Sixth Circuit apply the same four factors when "determining whether to issue a TRO or preliminary injunction."). "Those four considerations are, however, 'factors to be balanced, not prerequisites that must be met. Accordingly, the degree of likelihood of success required may depend on the strength of the other factors.'" *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d

1474, 1480 (6th Cir. 1995) (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown a likelihood of success on the merits. *Benisek v. Lamone*, 585 U.S. 155, 158 (2018).

Furthermore, since Plaintiff is pro se, the Court will construe his pleadings and filings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

## IV. ANALYSIS

In his motion, Plaintiff moves the Court for an order against Independence Green Apartments and/or Two Coast Living "staying" a July 27, 2026, Notice to Quit to Recover Possession of a Property ("Notice to Quit"), pursuant to MCL 554.134(1) and (3), that requests Plaintiff to move out of his apartment by September 30, 2026, or face eviction. (ECF No. 45, PageID.732–33). Plaintiff indicates that he spoke with the property management on July 31, 2026, but was told the Notice to Quit was issued by the corporate office and the local office had no knowledge or information related to the notice. (*Id.* at PageID.733). The property manager also noted that Two Coast Living need not provide Plaintiff with a reason for the Notice to Quit as his lease is currently an at-will agreement. (*Id.*).

Plaintiff requested further information related to his lease being at-will and was not provided with any documentation. (*Id.*).

Plaintiff alleges that he has:

> probable cause to believe the Notice to Quit he received from Independence Green Apartments on or around July 27, 2026 was a *knowing and willful* attempt to: (a) collude and deprive him of continuing and protected liberty interests by way of a threatening letter, harassment, intimidation, and eventual eviction; (b) directly or indirectly engage in judicial interference and obstruction of justice in the present employment discrimination complaint; (c) evoke civil action to effect a potentially illegal or unjust outcome in the present employment discrimination case, e.g., plaintiffs inability to communicate and/or file timely briefs, notices, and motions with the Court, failure to appear, impede the plaintiff's ability to participate in court proceedings, or cause dismissal of a civil action; (c) influence, obstruct, or impede the due and prompt administration of justice, e.g., notices, orders, and decisions mailed to the plaintiff's *current* address; (d) revoke the plaintiff's protected status as a United States citizen, pursuant to Amendment XIV, Section 1.

(*Id.* at PageID.734). Plaintiff states that "[w]hile correlation is not causation, the plaintiff has probable cause to believe Ann Arbor Public Schools' animus has caused a *series* of subsequent adverse actions against him, namely employment, age, and housing discrimination." (*Id.*). He states that the Notice to Quit was issued without cause with an intent to obstruct justice related to this action. (*Id.*) (citing 18 U.S.C. § 1503 (a criminal statute related to influencing or injuring an officer of the court or juror)). Plaintiff also asserts that he "has cause to believe his pending civil action against [AAPS'] unsubstantiated charge of unprofessional (sexual) misconduct have been viewed by and/or shared with several third-parties,

including potential employers, government officials, and the plaintiff's current landlord Independence Green Apartments, also known as California-based real estate company Two Coast Living." (*Id.* at PageID.737).

Plaintiff seeks an order to stay his eviction for one year. (*Id.* at PageID.735). Plaintiff asserts that he has never issued a late rent payment, his rent payments were current at the time he received the Notice to Quit, and he has maintained the required renter's insurance policy. (*Id.*). Plaintiff also asserts that he has violated no rules or conditions in his lease agreement. (*Id.* at PageID.736). Plaintiff indicates that his current employer is only twelve minutes away from his current residence and that eviction will cause him to incur moving expenses and costs, and that he risks denial of housing due to "a substantial decrease in gross wages." (*Id.*).

The motion should be denied because the actions and parties complained of in the motion are unrelated to the actions and parties complained of in the Amended Complaint. This Court has held that an injunction "should not issue when it deals with a matter lying wholly outside the issues in the suit." *Corsetti v. Hackel*, No. 10-12823, 2012 WL 4955275 (E.D. Mich. Sept. 26, 2012) (citation modified); *see also Brown v. Unknown Johns*, No. 2:05-CV-43, 2007 WL 851859, at *2 (W.D. Mich. Mar. 20, 2007) (When plaintiff seeks injunctive relief that is unrelated to the present lawsuit against non-parties, the plaintiff's recourse was to

file a new lawsuit on his new claims). A motion for preliminary injunctive relief is not the proper method for Plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, No. 2:11-CV-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013), *report and recommendation adopted*, 2013 WL 5944082 (S.D. Ohio Nov. 5, 2013); *see also Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief."). Rather,

> [t]he purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010).

*Hendricks,* 2013 WL 2635729, at *3.

In his amended complaint, Plaintiff alleges that employment discrimination and retaliation by his former employer led to his resignation, and that their continued retaliation has made it difficult to secure full-time employment. (ECF

No. 6). The instant motion seeks the Court to order against his apartment complex and its corporate entity to stay the Notice to Quit and the potential eviction proceedings if he fails to move out prior to September 30, 2026. (ECF No. 45). First, Independence Green Apartments, Independence Green Property Owner LLC, and/or Two Coast Living, are not parties here and the Court lacks jurisdiction over them. *Cummings v. Klee*, No. 14-10957, 2018 WL 2693985, at *2 (E.D. Mich. June 5, 2018) (The plaintiff's objections to report and recommendation denied as the plaintiff's requests for injunctive relief were neither sought against the defendants named in the current action nor related to the factual bases of the complaint); *see Bloodworth v. Timmerman-Cooper*, No. 2:10-CV-1122, 2011 WL 4573943, at *2 (S.D. Ohio Sept. 29, 2011), *report and recommendation adopted*, 2011 WL 5403217 (S.D. Ohio Nov. 8, 2011) (Plaintiff's request for relief against officials not party to the present suit for tampering with his mail was denied as unrelated to the complaint and the court noted that it lacked jurisdiction over officials who were not named parties). Next, Plaintiff alleges that the change in his financial well-being because of Defendant's conduct will make it difficult to secure other housing. While the undersigned is sympathetic to Plaintiff's situation, this is insufficient to relate the subject matter of the motion to the factual bases of the Amended Complaint. Similarly, including conclusory allegations that Independence Green Apartments and/or Two Coast Living may have viewed

and/or Defendant may have shared the subject matter of this pending action with the non-parties is also insufficient to bring a claim unrelated to his Amended Complaint under the purview of this Court. Because the motion deals with a subject matter outside the factual bases of the Amended Complaint and he seeks relief against parties not named in the current action, the Court lacks jurisdiction to enter the relief requested and Plaintiff's recourse is to file a new lawsuit in the appropriate forum. For these reasons, Plaintiff's motion should be denied.

Finally, to the extent that Plaintiff, again, requests entry of judgment, the motion should be denied as premature on the same basis as set forth in the undersigned's September 18, 2026, Report and Recommendation. (ECF No. 57, PageID.873–75).

## V. RECOMMENDATION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's *Ex Parte Motion to Stay Eviction and Entry of Judgments* (ECF No. 45) be **DENIED**. It is further **ORDERED** that Defendant's *Motion for Leave to File Response to Plaintiff's Ex Parte Motion* (ECF No. 48) is **DENIED** as moot.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: September 22, 2026.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the September 22, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850