UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOSEA WILLIAMS, JR.,

Plaintiff,

v.

ANN ARBOR PUBLIC SCHOOLS,

Defendant.

Case No. 25-cv-12489

Honorable Robert J. White
Magistrate Judge Curtis Ivy, Jr.

**ORDER (1) ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, (3) EXTENDING THE TIME FOR PLAINTIFF TO PERFECT SERVICE, (4) DENYING PLAINTIFF'S MOTIONS (ECF NOS. 29, 44, 51, AND 53) WITHOUT PREJUDICE, AND (5) DENYING DEFENDANT'S MOTION TO STRIKE AS MOOT**

Before the Court is Magistrate Judge Curtis Ivy, Jr.'s report and recommendation entered on September 18 and 22, 2026. (ECF No. 57). The magistrate judge specifically recommended that the Court (1) grant in part and deny in part Defendant's motion to dismiss (ECF No. 22), with the summons in this case extended as necessary to give Plaintiff one more opportunity to serve Defendant; (2) deny without prejudice Plaintiff's motions for summary judgment, for entry of judgment, for judgment on findings and conclusions, and for leave to amend (ECF Nos. 29, 44, 51, 53); and (3) deny Defendant's motion to strike (ECF No. 35) as

moot. (ECF No. 57). Neither party timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2).

Although the Federal Magistrates Act "does not require" a district judge "to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Instead, "the discretion Article III requires with respect to dispositive matters permits the district judge to decide such an issue in any way he or she deems proper, and to reject, or pay no attention whatsoever to, the magistrate judge's findings." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3070.2 (3d ed. Apr. 2026 Update).

For background, the Court on November 14, 2025, set aside a clerk's entry of default because Plaintiff failed to establish proper service upon Defendant. (ECF No. 21). In the magistrate judge's report and recommendation, he concluded in relevant part that "Plaintiff still has not met his burden of proving that proper service has been effected." (ECF No. 57, PageID.872). The magistrate then concluded as follows:

> Guided by the principles and considerations of equity and fairness, the undersigned suggests that Defendant's motion to dismiss should be granted to the extent that they argue that Plaintiff has failed to serve [Defendant] under Rule 12(b)(5), and that the summons should be extended by enough time as the District Judge deems necessary to allow Plaintiff one more opportunity to properly serve Defendant.

(ECF No. 57, PageID.872-73). Determining that the Court thus lacked personal jurisdiction to address the merits of Plaintiff's claims, the magistrate judge recommended denying Defendant's motion to dismiss in part and without prejudice to the extent it sought dismissal under Fed. R. Civ. P. 12(b)(6). (ECF No. 57, PageID.873 n. 2, 875).

The Court had an opportunity to fully review the matter and believes that the magistrate judge properly concluded that (1) Plaintiff failed to establish proper service and (2) Defendant's motion to dismiss should be granted with respect to this issue. However, the Court will partially modify the recommendation to give Plaintiff another opportunity to perfect service only as necessary to clarify the specific authority supporting this relief (as opposed to the magistrate judge's reliance on general "principles and considerations of equity and fairness").[1]

A case may be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). The plaintiff is responsible for serving the summons and complaint within the time allowed by Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(c)(1). Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

[1] The Court accepts and adopts the magistrate judge's report and recommendation in all other respects, concluding that the magistrate judge reached the correct conclusions for the appropriate reasons.

> service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the Sixth Circuit, even "in the absence of good cause, Rule 4(m) permits courts to exercise discretion to extend the time for service as an alternative to dismissal." *Jackson v. Mich.*, No. 22-13150, 2023 U.S. Dist. LEXIS 136897, at *3 (E.D. Mich. June 14, 2023) (cleaned up; collecting cases). In determining whether to exercise this discretion, the factors considered by the Court include:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at *3-4 (citation omitted).

Defendant here moved to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service. However, Plaintiff's response only addressed Defendant's alternate merits argument under Fed. R. Civ. P. 12(b)(6), and he did not counter whatsoever Defendant's contention of improper service. Further, the Court initially concluded that Plaintiff failed to establish proper service in November 2025, almost one year ago. But it does not appear that Plaintiff ever tried again to properly effect

service at any point since that ruling, and he has not moved to extend the summons or otherwise raised any issue concerning any impediment to effecting proper service in this case. Given these circumstances, the Court concludes that Plaintiff has not made good faith efforts to effect proper service of process and was not diligent in correcting the deficiencies specifically identified by the Court. And Plaintiff's 90 days expired in November 2025, so any extension here would be well beyond the deadline for timely service.

At the same time, Plaintiff is a pro se litigant deserving of additional latitude to correct service defects, and Defendant certainly has actual notice of Plaintiff's claims. Defendant also never argued that it would be prejudiced in any way by an extension of time for Plaintiff to effect service. Most importantly, Plaintiff would be substantially prejudiced by any dismissal given that his employment claims would then be time-barred. *See Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27-29 (6th Cir. 1987) (filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII; because the plaintiff did not refile within the original 90 day period, the district court correctly dismissed her second complaint; and the time period could not be equitably tolled because the plaintiff's delay "was due largely to her failure to effect service upon the defendant").

Where a dismissal without prejudice for lack of service would thus effectively preclude Plaintiff's lawsuit akin to a dismissal on the merits, the Court agrees with

the magistrate judge that Plaintiff should have one more opportunity to properly serve Defendant. Accordingly, the Court, exercising its discretion under Rule 4(m), concludes that Plaintiff's time to serve Defendant should be extended by 60 days from entry of this order.

* * *

IT IS ORDERED that the magistrate judge's report and recommendation (ECF No. 57) is hereby (1) accepted and adopted in part and (2) modified in part as stated herein.

IT IS FURTHER ORDERED that Defendant's motion to dismiss (ECF No. 22) is GRANTED IN PART AND DENIED IN PART. The motion is granted with respect to the issue of improper service and denied without prejudice to the extent it seeks dismissal on the merits under Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER ORDERED that the summons in this case be extended by 60 days from entry of this order to give Plaintiff one more opportunity to properly serve Defendant. Failure to properly serve may result in the dismissal of the case.

IT IS FURTHER ORDERED that Plaintiff's motions for summary judgment, for entry of judgment, for judgment on findings and conclusions, and for leave to amend (ECF Nos. 29, 44, 51, 53) are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion to strike (ECF No. 35) is DENIED as moot.

Dated: October 8, 2026

s/Robert J. White
Robert J. White
United States District Judge